IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:10CR179 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| JORGE SALCEDO-LOVERA, | ) | |
| | ) | |
| Defendant. | ) | |

    This matter is before the Court on the Findings and Recommendation (Filing No. 22) issued by Magistrate Judge F.A. Gossett recommending that the Defendant's motion to dismiss (Filing No. 13) be denied.  The Defendant, Jorge Salcedo-Lovera, filed a statement of objections to the Findings and Recommendation (Filing No. 25) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 59.2(a).

    Salcedo-Lovera is charged in a one-count Indictment with illegal reentry, and the Indictment states that he is "subject to sentencing under" 8 U.S.C. § 1326(b)(2) in light of a prior aggravated felony, an alleged aggravated battery under Georgia law.  Salcedo-Lovera seeks the dismissal of the Indictment, arguing that the prior offense is not an aggravated felony.

    Following an evidentiary hearing, Judge Gossett issued oral findings of fact and conclusions of law and a brief Findings and Recommendation.  Judge Gossett concluded that the matter is a sentencing issue, yet he noted that the alleged prior offense might not meet the definition of an aggravated felony in light of *Johnson v. United States,* 130 S. Ct. 1265 (2010).  Judge Gossett therefore recommends that the motion to dismiss be denied.

**STANDARD OF REVIEW**

Under 28 U.S.C. § 636(b)(1)(C), the Court must make a de novo determination of those portions of the findings and recommendation to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

**ANALYSIS**

The Court has considered the transcript of the hearing conducted by Judge Gossett and viewed the evidence. Based on the Court's de novo review of the evidence and arguments, the Court adopts Judge Gossett's factual findings in their entirety.

In discussing whether a motion to dismiss is the appropriate juncture for addressing the issue, defense counsel candidly admitted that he lacks legal authority for his position. (Filing No. 24, at 11.) The Eighth Circuit has addressed this issue and decided that an aggravated felony is a sentencing enhancement rather than an element of the offense. Therefore, the court was not required to address whether the indictment sufficiently charged the defendant with an aggravated felony. *United States v. Haggerty,* 85 F.3d 403, 405-06 (8th Cir. 1996). Therefore, in this case the Court need not address the issue in the context of a motion to dismiss or the additional issues raised regarding the definition of an aggravated felony as it applies to the particular alleged prior conviction. The issues may be addressed in the course of the sentencing process.

IT IS ORDERED:

1. The Magistrate Judge's Findings and Recommendation (Filing No. 22) is adopted in its entirety;

2. The Defendant's objections to the Findings and Recommendation (Filing No. 25) are overruled; and

3. The Defendant's motion to dismiss (Filing No. 13) is denied.

DATED this 25th day of August, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge